IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01714-EWN-MJW

RODOLFO RIVERA,

Plaintiff,

v.

TRAVIS CORMANEY, et al.,

Defendants.

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that the Pro Se Plaintiff's Motion for Judicial Notice (docket no. 58) is **DENIED**. There was a certificate of mailing attached to Defendant Sletta's Motion to Strike Plaintiff's Brief in Opposition to Defendant Sletta's Answer (docket no. 54). The certificate of mailing shows a mailing of this motion to the Pro Se Plaintiff at P.O. Box 274, U.S.A.F. Academy, Colorado 80840 which is the same address listed in the signature block of the Pro Se Plaintiff in the subject motion. Moreover, this court has sent other orders to the Pro Se Plaintiff at that same address which have not been returned and based upon the averments contained in the subject motion, it is clear that the Pro Se Plaintiff has received previous orders from this court at that address. Accordingly, the subject motion lacks merit and the Pro Se Plaintiff is directed to review and follow the Federal Rules of Civil Procedure and the United States District Court for the District of Colorado Local Rules of Practice when filing any future motions with this court. Failure to comply with these rules may result in sanctions.

Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." ***Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994); Hickey v. (NFN) Van Austin et al., 1999 CJC.AR 5979***

The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court. ***Colorado v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986); Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan. 1998)*** (pro se plaintiffs are held to the same rules of procedure which apply to other litigants).

      It is not the proper function of the district court to assume the role of advocate for the pro se litigant.  ***Gibson v. City of Cripple Creek, 48 F 3d 1231, (10th Cir. 1995).***

Date:  May 8, 2006