IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **05-cv-01714-EWN-MJW**


RODOLFO RIVERA,
Plaintiff,

v.

TRAVIS CORMANEY, U.S. Probation Officer,
KURT RUNGE, Probation Officer,
CHAD CHADDICK, Parole Officer Division of Adult Parole and
   Community Corrections,
LARRY STUART, Parole Officer Division of Adult Parole and Community Corrections,
WESLEY WARD, Pathways Director,
RICHARD HERRANEN, Former Pathways Director,
ROSEMARY J. KJELDGAARD, Pathways Counselor,
DIRECTOR, Summit Counseling,
MARION AVOY, Summit Counseling,
HARVEY J. HODGE, PhD Center of Family and Marital Treatment, and
YVONNE SLETTA, Evaluator Center of Family and Marital Treatment,

Defendants.

_____

**RECOMMENDATIONS ON**
**(1) DEFENDANTS' TRAVIS CORMANEY, KURT RUNGE, CHAD CHADDICK AND**
**LARRY STUART MOTION TO DISMISS FOR LACK OF SUBJECT MATTER**
**JURISDICTION, FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE**
**GRANTED, OR BASED ON APPLICABLE STATUTE OF LIMITATIONS**
**(Docket No. 26);**
**(2) DEFENDANT YVONNE SLETTA'S MOTION TO DISMISS COMPLAINT**
**(Docket No. 45); and**
**(3) DEFENDANT ROSEMARY J. KJELDGAARD, M.A., LPC'S MOTION TO DISMISS**
**PURSUANT TO F.R.C.P. [sic] 12(b)(6) (Docket No. 50)**
_____

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This case is before this court pursuant to a General Order of Reference to

2

United States Magistrate Judge (Including Dispositive Motions) issued by District Judge

Edward W. Nottingham on November 18, 2005 (Docket No. 9).

**PLAINTIFF'S ALLEGATIONS**

In this action brought pursuant to 42 U.S.C. § 1983, the pro se plaintiff asserts

the following in his Amended Complaint.  (Docket No. 4).  Following a jury trial, on

September 3, 1999, he was found guilty of robbery, assault, and criminal first degree

trespass.  He had pled not guilty to the charges and professed his innocence to the

Judge, the District Attorney, the Probation Office, and Counselors.  The court

sentenced him to probation and 36 weeks of counseling.  After continuing to profess his

innocence, the counseling agencies wrote "derogatory reports" to the court and the

Probation Department due to his failure to admit guilt.  Using these reports and

evaluation, the District Court revoked his probation and sentenced him to an illegal two-

year prison sentence followed by a three-year period of parole.

Plaintiff appealed to the Colorado Court of Appeals.  After serving his entire

prison sentence, the Colorado Court of Appeals overturned the sentence and

remanded the case back to the District Court with directions.  "It was during the remand

proceedings that validated the State District Court violation of the law.  Upon

completion of the remand proceedings the State District Court vacated the sentence."

(Docket No. 4 at 3).

Plaintiff raises two claims for relief, both of which are entitled "Violation of the

Fifth Amendment to Double Jeopardy and Due Process Clauses, and First and

Fourteenth Amendment Rights to Due Process."  (Docket No. 4 at 4, 7).  In the first

claim, the plaintiff alleges the following.  A condition of plaintiff's parole was that he complete 36 weeks of domestic violence classes.  He thus enrolled with Pathways Domestic Violence.  Defendant Kjeldgaard, a counselor at Pathways, "attempted to coerce the Plaintiff into admitting guilt of the charges, when the Plaintiff refused, the counselor terminated him from the program and wrote a derogatory report to the Probation Department and the Court.  The counselor was aware the Plaintiff had already been punished for not admitting guilt plus the defendant [sic] informed the counselor and the class he plead not guilty at trial.  No one informed the Plaintiff he had to admit guilt in order to successfully complete the domestic violence program." (Docket No. 4 at 5).

After he was terminated from the Pathways domestic violence classes, plaintiff enrolled with Summit Domestic Counseling where he completed the rest of the 36 weeks.  Defendant Avoy led the class and was aware that the plaintiff pled not guilty at trial and at sentencing and served 30 days in jail for not admitting guilt.  Nevertheless, because the plaintiff would not admit guilt, upon completion of the 36 weeks of counseling, Avoy would not pass him and wrote a derogatory letter to the Court and Probation Department informing them that the plaintiff would not admit guilt.

As a result of the reports, "the Court and the Probation Department commenced probation revocation proceeding."  (Docket No. 4 at 6).  Defendant Probation Officer Travis Cormaney violated the plaintiff's probation because the plaintiff refused to admit guilt during domestic violence classes.  Plaintiff was then instructed by the court and the Probation Department to obtain an evaluation prior to sentencing.  Defendants

4

Sletta and Hodge of the Center for Family & Marital Treatment "wrote a report recommending prison for not admitting guilt even after the Plaintiff previously served a 30 days jail sentence for not admitting guilt." (Docket No. 4 at 6). Summitt Counseling recommended that the plaintiff attend an additional 18 weeks of counseling.

Without notifying the plaintiff of the change in condition of his probation ordered by the court, defendants Cormaney and Runge "then revoked the Plaintiff's probation and illegally sentenced him to 2 year prison sentence and 3 year parole which the Plaintiff completed." (Docket No. 4 at 4). According to the plaintiff, "[t]his was double jeopardy because the court and the prosecutor sentenced the Plaintiff to 30 days in the County jail for not admitting guilt. This violated both the 5th and 14th amendment." (Docket No. 4 at 4).

Plaintiff asserts that "[i]t is custom and policy for Pathways Domestic Violence, Summit Counseling, and Center For Family & Marital Treatment to expect anyone participating in their classes to admit guilt. The Plaintiff had never admitted guilt and was granted probation on that fact." (Docket No. 4 at 6).

In Claim 2, plaintiff asserts the following. On Friday, November 29, 2002, he was "released from the illegal sentence." His case manager instructed him "to call his Parole officer upon his arrival in Colorado Springs. Upon arriving in Colorado Springs the Plaintiff called the Parole Office and was greeted by an answering machine. After listening to the message he discovered his parole officer's name was not on the listing given by the recorder." (Docket No. 4 at 7). On the following Monday, plaintiff reported to the parole office. Plaintiff claims that defendant parole officers Chad Chaddick and

Larry Stuart

> continually badgered the Plaintiff questioning him about sexual charges. The Plaintiff [sic] response was he was not aware of any such charges against him.  The actions of the parole officers are due to the Arrowhead Correctional Center officers [sic] attempt to label the Plaintiff as a sexual offender after the Plaintiff reported their misconduct to their superiors. The Federal Tenth Circuit acknowledged the Officers [sic] conduct as "deplorable and unprofessional."[1]  After the parole officers questioned the Plaintiff, they handcuffed and arrested him where he was incarcerated at the Criminal Justice Center for 3 days due to the false information which he was cleared of by the DOC evaluators violating his 1st and 14th amendment rights.

(Docket No. 4 at 7).

Plaintiff seeks compensatory and punitive damages.  (Docket No. 4 at 9).  He

sues the defendants in their official and individual capacities.  (Docket No. 4 at 8, ¶ 38).

**DEFENDANTS' MOTIONS TO DISMISS**

Before the court are the following three dispositive motions:  (1) Defendants'

Travis Cormaney, Kurt Runge, Chad Chaddick and Larry Stuart Motion to Dismiss for

---

[1]In Rivera v. Hassler, 79 Fed. Appx. 392 (10th Cir. Oct. 24, 2003), the plaintiff in the instant case appealed a *sua sponte* dismissal of another case by the District Court. He claimed in that action, *inter alia*, that a female correction officer harassed him, teased him, singled him out, and falsely reported him for stalking her.  Plaintiff further claimed that as a result of those comments, he was harassed by other inmates as a homosexual.  The Tenth Circuit  stated that "[t]he alleged abuse, **if true**, is deplorable and unprofessional."  Id. at 394 (emphasis added).  The court found that those allegations failed to state a claim under § 1983.  Id.  In that action, the plaintiff also contended that all of the defendants in that case falsely accused him of being a stalker, and as a result, he was transferred to another facility, placed in a higher security unit, and categorized as a candidate for participation in sex offender treatment when he was transferred to Fremont Correctional Facility.  Following that transfer, however, he was evaluated as a sex offender, but he was not categorized as one, although the facility recommended he participate in the sexual offender treatment program.  The court, however, affirmed the dismissal of this retaliation claim as well for failure to state a claim.  Id. at 395.

6

Lack of Subject Matter Jurisdiction, Failure to State a Claim upon Which Relief Can Be

Granted, or Based on Applicable Statute of Limitations (Docket No. 26); (2) Defendant

Yvonne Sletta's Motion to Dismiss Complaint (Docket No. 45); and (3) Defendant

Rosemary J. Kjeldgaard, M.A., LPC's Motion to Dismiss Pursuant to F.R.C.P. [Sic]

12(b)(6) (Docket No. 50).  The court has reviewed these motions, the responses

thereto (Docket Nos. 41, 53, and 61), and a reply brief (Docket No. 57).  The court now

being fully informed makes the following findings, conclusions, and recommendations.

For purposes of a motion to dismiss, the court must accept all factual allegations

in the complaint as true and resolve all reasonable inferences in plaintiff's favor.  Morse

v. Regents of Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow,

84 F.3d 1226, 1231-32 (10th Cir. 1996).  A case should not be dismissed for failure to

state a claim unless the court determines beyond doubt that plaintiff can prove no set of

facts which entitles him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Since the plaintiff is not an attorney, his pleadings have been construed liberally

and held to a less stringent standard than formal pleadings drafted by lawyers.  See

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S.

519, 520-21 (1972)).  Therefore, "if the court can reasonably read the pleadings to

state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's

failure to cite proper authority, his confusion of various legal theories, his poor syntax

and sentence construction, or his unfamiliarity with pleading requirements. . . .  At the

same time, . . . it is [not] the proper function of the district court to assume the role of

advocate for the pro se litigant." <u>Id.</u>

**Defendants' Travis Cormaney, Kurt Runge, Chad Chaddick and Larry Stuart Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim upon Which Relief Can Be Granted, or Based on Applicable Statute of Limitations (Docket No. 26).** Defendants Cormaney, Runge, Chaddick, and Suart seek dismissal of the Complaint on the following grounds: (1) this court lacks subject matter jurisdiction over the plaintiff's claims against them in their official capacities; (2) plaintiff's claims pursuant to § 1983 against these defendants in their official capacity must be dismissed for failure to state a claim because States and their officials are not "persons" subject to suit under § 1983; (3) plaintiff's conclusory allegations of willful and wanton are insufficient; (4) the state probation and parole officers are entitled to absolute judicial immunity; (5) the state defendants are protected by qualified immunity; (6) plaintiff's claim is barred by the applicable statute of limitations; and (7) plaintiffs claims are barred by the <u>Rooker-Feldman</u> Doctrine.

**Official Capacity Claims.** These defendants correctly assert that the Eleventh Amendment bars suits by private parties against state officers sued in their official capacities and that relief cannot be granted under § 1983 against them in their official capacities. Therefore, plaintiff's claims against them in their official capacity should be dismissed. "[T]he Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." <u>Hunt v. Bennett</u>, 17 F.3d 1263, 1267 (10th Cir. 1994).

8

**Immunity.**   These state defendants also assert that they are entitled to absolute judicial immunity.  They contend:

In this case, Plaintiff alleges he has been subjected to double jeopardy by the probation and parole officers on two separate occasions, the first time when his probation was revoked by the Court and he was given a prison sentence, and a second time when he was jailed by the parole officer.  Neither occasion subjected Mr. Rivera to double jeopardy and the allegations made by Mr. Rivera indicate his lack of familiarity with sentencing terminology and practices.

It is the trial judge who imposed Mr. Rivera's initial sentence and the trial judge who determined revocation was appropriate.  Finally, it was the trial judge who ordered Mr. Rivera to serve a term of incarceration at the Colorado Department of Corrections after Mr. Rivera violated the terms and conditions of his probation.  The State probation officers, Defendants Travis Cormaney and Kurt Runge, are cloaked with absolute judicial immunity when performing judicially related functions.  *United States v. Davis*, 151 F.3d 1304, (10th Cir. 1998).  A probation officer serves as an investigative and supervisory arm of the court and is responsible to serve as liaison between the court, which has supervisory power over the defendant's term of supervised release, and the probationer, who must comply with the conditions of his supervised release or run the risk of revocation.  *Id* at 1307.  Further, the probation officers' recommendations are just that – recommendations.  It remains the duty of the sentencing court to impose punishment and determine if and when revocation of a probationary sentence is appropriate and to impose an appropriate sentence after revocation.

On the second occasion, Plaintiff claims he was subjected to double jeopardy and due process violations when he was arrested by the parole officers and subjected to three days in the Criminal Justice Center. (Amended Complaint at paragraph 33).  In his Amended Complaint, Plaintiff admits that he waited three days after his release from custody to report to the parole office.  (Amended Complaint, generally at paragraphs 32 and 33).  Plaintiff was directed to report to his parole officer immediately after his release from prison.  (Amended Complaint at paragraph 32).  Because he did not report to the parole office immediately after his release from prison, Plaintiff was in violation of the first condition of his parole and his parole officer arrested him when he reported several days later.  Pursuant to C.R.S. 17-2-103(1)(e), a parole officer may arrest a parolee if the parole officer has probable cause to believe the parolee

9

> has violated the terms and conditions of his parole.  Failing to report as
> directed is a violation of the terms of Plaintiff's parole.

(Docket No. 26 at 9-11).

A defendant is entitled to absolute immunity "[w]hen performing functions that are 'quasi-judicial' in nature." Russ v. Uppah, 972 F.2d 300, 303 (10th Cir. 1992). Absolute immunity has been granted to probation officers with respect to some, but not all, activities. See Snell v. Tunnell, 920 F.2d 673, 692 n.18 (10th Cir. 1990).  For example, absolute immunity has been granted to officers who allegedly made false statements in a pretrial bond report and a presentence report as "such functions of the probation officer are integrally related to the judicial function." Id.  In the instant case, defendant probation officers Cormaney and Runge simply recommended to the sentencing court the action they believed the court should take, and the sentencing court, not the probation officers, ultimately determined whether the petitioner's probation should be revoked and whether the petitioner should be resentenced.  This court finds that such recommendations are integrally related to the judicial function, and, therefore, these two defendants are entitled to absolute judicial immunity. See Williams v. Consovoy, 333 F. Supp.2d 297, 300 (D. N.J. 2004) (making recommendations as to whether to parole a prisoner is entitled to absolute immunity); Breslin v. Brainard, 2002 WL 31513425 *7 (E.D. Pa. Nov. 1, 2002) (parole officials entitled to absolute immunity when making recommendations as to whether to parole a prisoner).

However, with regard to defendants Chad Chaddick and Larry Stuart, "'decisions

10

involving the revocation of probation or parole by a probation or parole officer warrant only qualified not absolute, immunity.'" Russ v. Uppah, 972 F.2d at 303.  "If, as a matter of law, the parole officer's decision to hold [plaintiff] in jail pending the revocation hearing was an action 'that a reasonable [person] could have believed lawful,' . . . then [defendant] is 'entitled to dismissal before discovery . . . .'" Mee v. Ortega, 967 F.2d 423, 429-30 (10th Cir. 1992).

In the Amended Complaint, the plaintiff states that upon his release from prison on November 29, 2002, he was directed by his case manager to call his parole officer upon his arrival in Colorado Springs, but plaintiff did not do so until the following Monday.  Although plaintiff offers an excuse for his failure to comply, defendants Chaddick and Stuart would have probable cause to arrest and hold the plaintiff for a parole violation based upon his failure to report to parole in a timely manner as directed.  Therefore, plaintiff has not established that a constitutional right has been violated, and thus these defendants would be entitled to qualified immunity.  Even if that were not the case, as found below, plaintiff's claims against defendants Chaddick and Stuart are barred by the statute of limitations.

**Statute of Limitations.**  The Supreme Court has instructed that "§ 1983 claims are best characterized as personal injury actions," and, therefore, the relevant state statute of limitations applicable to such actions is applied.  Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994) (citing Wilson v. Garcia, 471 U.S. 261, 280 (1985)).  Colorado's general two-year statute of limitations for personal injury actions, § 13-80-102, C.R.S., thus applies to this case.  Smith v. Ortiz, 2006 WL 620871, *4 (slip copy)

(10<sup></sup> Cir. Mar. 14, 2006).  "That limitations period begins to run when the cause of
action accrues according to federal law. . . .  'A civil rights action accrues when the
plaintiff knows or has reason to know of the injury which is the basis of the action.' . . .
A § 1983 cause of action therefore accrues 'when the plaintiff knows or should know
that his or her constitutional rights have been violated.'"  Id.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court addressed the
question of when a prisoner may bring a section 1983 claim relating to his conviction or
sentence.  The Court held that

> when a state prisoner seeks damages in a § 1983 suit, the district court
> must consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or sentence; if it would,
> the complaint must be dismissed unless the plaintiff can demonstrate that
> the conviction or sentence has already been invalidated.  But if the district
> court determines that the plaintiff's action, even if successful, will *not*
> demonstrate the invalidity of any outstanding criminal judgment against
> the plaintiff, the action should be allowed to proceed, in the absence of
> some other bar to suit.

Id. at 487 (footnotes omitted).  Based upon this language, the Tenth Circuit has stated
that "for § 1983 claims necessarily challenging the validity of a conviction or sentence,
Heck delays the rise of the cause of action until the conviction or sentence has been
invalidated.  Because the cause of action does not accrue until such time, the
applicable statute of limitations does not begin to run until the same time."  Beck v. City
of Muskogee Police Dep't, 195 F.3d 553, 556-57 (10<sup></sup> Cir. 1999).

In Beck, the Tenth Circuit did not agree with the district court's blanket
application of Heck to all of the plaintiff's claims.  Id.  The circuit court stated that "Heck
applies only to those claims that would necessarily imply the invalidity of any conviction

12

that might have resulted from prosecution of the dismissed . . . charge or the invalidity of his probation revocation.  Not all of them do.  **Each of Beck's claims must be assessed individually to determine whether it has yet matured, and if so, when it matured for purposes of applying the statute of limitations.**" Id. (emphasis added). The Tenth Circuit noted in <u>Beck</u> that "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." Id. at 558 (citing <u>Johnson v. Johnson County Comm'n Bd.</u>, 925 F.2d 1299, 1301 (10th Cir. 1991)).

As in <u>Beck</u>, the plaintiff here has not provided any information or allegation indicating that this presumption should not apply regarding his claims about his arrest by defendant parole officers Chaddick and Stuart on November 29, 2002, following his release from what plaintiff calls "his illegal prison sentence."  Plaintiff's success on these claims would not implicate the validity of his probation revocation, sentence, or conviction.  Furthermore, plaintiff's state court challenge of his sentence did not concern this purported parole violation; it concerned the court's previous probation revocation and resentencing of the plaintiff.  Consequently, the accrual of his claims concerning the arrest by defendants Chaddick and Stuart was not affected by <u>Heck</u>, and such claims thus arose on the date of his arrest, which was more than two years before this case was commenced.  Therefore, these claims are barred by the statute of limitations.  <u>See</u> <u>Laurino v. Tate</u>, 220 F.3d 1213, 1217 (10th Cir. 2000) (Plaintiff's claims for, *inter alia*, warrantless arrest without probable cause and unlawful deprivation of liberty dismissed as untimely.  "[A] suspect's proof that police lacked probable cause to

13

arrest him does not necessarily imply the invalidity or unlawfulness of his conviction for

the underlying offense."  Accrual of plaintiff's claim was not affected by <u>Heck</u>.).

Based upon the findings above, the court finds it unnecessary to address

defendants' additional grounds for dismissal.

**<u>Defendant Yvonne Sletta's Motion to Dismiss Complaint (Docket No. 45).</u>**

Defendant Sletta moves to dismiss the Complaint on the following grounds:

(1) she is not a state actor pursuant to § 1983; (2) she is not a proper defendant in a

claim for double jeopardy; and (3) plaintiff's claims are barred by the applicable statute

of limitations.

In the Amended Complaint (Docket No. 4), aside from the caption and the list of

the parties in this action, the only mention of defendant Yvonne Sletta is included in the

following averments:

> []Due to the reports [by defendant domestic violence counselors
> Kjeldgaard and Avoy] the Court and the Probation Department
> commenced probation revocation proceeding.  The Plaintiff was
> instructed by the Court and Probation Department to obtain an evaluation
> prior to sentencing him.  The Plaintiff obtained the evaluation form from
> Center For Family & Marital Treatment paying $200.00 for the report.
>
> [] In the report Ms.  Yvonne Sletta and Harvey G. Hodge of Center For
> Family & Marital Treatment wrote a report recommending prison for not
> admitting guilt even after the Plaintiff previously served a 30 days jail
> sentence for not admitting guilt.
> . . .
>
> [] It is custom and policy for . . . Center For Family & Marital Treatment to
> expect anyone participating in their classes to admit guilt.  The Plaintiff
> had never admitted guilt and was granted probation on that fact. . . .
>
> [] In each custody and control, each of the aforesaid defendants was
> following custom and policy and showed deliberate indifference to the

14

rights of the Plaintiff.

(Docket No. 4 at 6, ¶¶ 26, 27, 29, 30).

"As a private citizen, [defendant Sletta] can be held liable under § 1983 only if she was a 'willful participant in joint action with the State or its agents.'"  Beedle v. Wilson, 422 F.3d 1059, 1071 (10th Cir. 2005).  "When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action. . . .  The standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit, as [is] the state court judge[] here."  Sooner Prods. Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983).

Even if true, plaintiff's allegations are insufficient to state a § 1983 claim against defendant Sletta.  Plaintiff has made no allegation that Sletta is a state actor or that she had any joint action with any state actors.  Instead, defendant Sletta, a private counselor, and another person at their private counseling group merely evaluated the plaintiff, at plaintiff's expense, and wrote a report which allegedly included a recommendation to the sentencing court.  Plaintiff has not specifically plead any facts tending to show agreement and concerted action with a state actor.  Furthermore, even if the sentencing court relied, even in part, upon that report in deciding to resentence the plaintiff, plaintiff has failed to state a constitutional claim against defendant Sletta. It was the judge, not defendant Sletta, who revoked plaintiff's probation and

15

resentenced the plaintiff.  As asserted by defendant Sletta, she is not a proper

defendant against whom a claim for double jeopardy may be asserted.

Furthermore, plaintiff's claims against defendant Sletta are barred by the statute

of limitations.  Ultimate success on such claims would not necessarily imply the

invalidity of the plaintiff's conviction, probation revocation, or resentencing.

Consequently, the accrual of these claims was not affected by Heck, and such claims

thus arose when Sletta wrote the report to the court, which was well over two years

before this action was commenced.  Therefore, plaintiff's claims against defendant

Sletta are time-barred.

Based upon the above, it is recommended that plaintiff's claims against

defendant Sletta be dismissed with prejudice.

**Defendant Rosemary J. Kjeldgaard, M.A., LPC's Motion to Dismiss**

**Pursuant to F.R.C.P. [Sic] 12(b)(6) (Docket No. 50).**  Defendant Kjeldgaard seeks

dismissal of all claims against her with prejudice based on the statute of limitations.

The court notes that in a footnote in her motion, defendant Kjeldgaard also

states that "[w]hether or not [she] could act under color of State law is disputed as she

was a private psychologist and was privately paid by Plaintiff."  However, given her

statute of limitations argument, she did not think that analysis was necessary for

purposes of her motion.  Nevertheless, for the same reasons stated above with respect

to defendant Sletta, this court similarly finds that the plaintiff has failed to state a claim

against defendant Kjeldgaard, a private psychologist.  Once again, plaintiff has not

specifically plead any facts tending to show agreement and concerted action with a

state actor.  He merely plead that this defendant

> attempted to coerce the Plaintiff into admitting guilt of the [domestic violence] charges, when the Plaintiff refused, the counselor terminated him from the program and wrote a derogatory report to the Probation Department and the Court.  The counselor was aware the Plaintiff had already been punished for not admitting guilt plus the [plaintiff] informed the counselor and the class he plead not guilty at trial.  No one informed the Plaintiff he had to admit guilt in order to successfully complete the domestic violence program.

(Docket No. 4 at 5, ¶ 24).  In addition, just like the plaintiff's claims against defendant Sletta, even if the sentencing court relied, even in part, upon defendant Kjeldgaard's report in deciding to resentence the plaintiff, plaintiff has failed to state a constitutional claim against defendant Kjeldgaard.  As stated above, it was the judge who revoked plaintiff's probation and resentenced the plaintiff.  Defendant Kjeldgaard is not a proper defendant against whom a claim for double jeopardy may be asserted.

Furthermore, just like the claims against defendant Sletta, this court finds that plaintiff's claims against defendant Kjeldgaard are barred by the statute of limitations. This court agrees with defendant's argument in her Reply (Docket No. 57) that plaintiff's reliance on Heck, discussed above, is misplaced.  Ultimate success on the plaintiff's claims against defendant Kjeldgaard would not necessarily imply the invalidity of the plaintiff's conviction, probation revocation, or resentencing.  Consequently, the accrual of his claims against defendant Kjeldgaard was not affected by Heck, and such claims thus arose when he was discharged from defendant Kjeldgaard's care and she wrote the report to the plaintiff's probation officer, which was well over two years before this action was commenced.  Therefore, plaintiff's claims against defendant Kjeldgaard

17

are also time-barred.

Based upon the above, it is recommended that plaintiff's claims against defendant Kjeldgaard be dismissed with prejudice.

**CLAIMS AGAINST THE REMAINING DEFENDANTS**

The court notes that the plaintiff was granted leave to proceed with this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Docket No. 6).  Subsection (e)(2)(B)(ii) of § 1915 provides in pertinent part that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ."  28 U.S.C. § 1915(e)(2)(B)(ii).  This court recommends dismissal of the claims against the five remaining defendants based upon that statutory provision.

The remaining defendants are Pathways Director Wesley Ward, Former Pathways Director Richard Herranen, an unnamed director of Summit Counseling, counselor Marion Avoy of Summit Counseling, and Dr. Harvey J. Hodge of the Center of Family and Marital Treatment.  Like defendants Sletta and Kjeldgaard, these defendants are not state actors, and the plaintiff has not specifically plead any facts tending to show agreement and concerted action by any of these defendants with a state actor.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants' Travis Cormaney, Kurt Runge, Chad Chaddick and Larry Stuart Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim upon Which Relief Can Be Granted, or Based on Applicable

Statute of Limitations (Docket No. 26) be **granted**.  It is further

    **RECOMMENDED** that Defendant Yvonne Sletta's Motion to Dismiss Complaint

(Docket No. 45) be **granted**.  It is further

    **RECOMMENDED** that Defendant Rosemary J. Kjeldgaard, M.A., LPC's Motion

to Dismiss Pursuant to F.R.C.P. [Sic] 12(b)(6) (Docket No. 50) be **granted**.  It is further

    **RECOMMENDED** that the Amended Complaint also be dismissed with prejudice

as against the remaining, non-moving defendants (Pathways Director Wesley Ward,

Former Pathways Director Richard Herranen, an unnamed director of Summit

Counseling, counselor Marion Avoy of Summit Counseling, and Dr. Harvey J. Hodge of

the Center of Family and Marital Treatment) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

It is thus

    **RECOMMENDED** that the Amended Complaint be dismissed with prejudice as

against all of the defendants.

    **NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the**

**parties have ten (10) days after service of this recommendation to serve and file**

**written, specific objections to the above recommendation with the District Judge**

**assigned to the case.  The District Judge need not consider frivolous, conclusive,**

**or general objections.  A party's failure to file and serve such written, specific**

**objections waives _de novo_ review of the recommendation by the District Judge,**

**Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives**

**appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of</u>**

19

**Corrections**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley v. Hesse**, 91 F.3d 1411,

**1412-13 (10th Cir. 1996).**


Dated:      July 28, 2006        s/ Michael J. Watanabe
             Denver, Colorado     Michael J. Watanabe
                                 United States Magistrate Judge